This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JPMORGAN CHASE BANK,**
**NATIONAL ASSOCIATION,**

Plaintiff-Appellee,

**v.**                                                                   **No. 34,336**

**STEVEN RAY GOMEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**Violet Otero, District Judge**

Lewis Roca Rothgerber LLP
Matthew W. Park
Albuquerque, NM

for Appellee

Joshua R. Simms, P.C.
Joshua R. Simms
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Steven Ray Gomez (Appellant) appeals from the district court's order denying his motion to suspend the writ of assistance and vacate the default judgment of

foreclosure entered against him. [DS 1] This Court's notice of proposed disposition proposed to affirm the district court's order. Appellant filed a memorandum in opposition to the proposed disposition. Appellant cites accurate statements of the law from cases relied upon in this Court's proposed disposition. However, the asserted factual contentions that follow misapprehend what occurred in this case. There being no factual or legal errors with this Court's proposed disposition, we are not persuaded that Appellant's contentions require a different result than originally proposed. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We therefore affirm.

{2}	Appellant argues that a question not fully explained by the proposed disposition is whether the Uniform Commercial Code (UCC) controls the foreclosure of mortgages in their entirety, or whether there is other law that must be followed. [MIO 1] This Court is bound both by statutory law and precedent in the case law. Although Appellant's contention is unclear, we presume it relates to the discussion in the proposed disposition concerning the status of JPMorgan Chase, National Association (JPMorgan) as the holder in due course of the original promissory note (Note) under the UCC. *See* NMSA 1978, § 55-3-301 (1992) (stating that the "holder of the

instrument is entitled to enforce the instrument"); *see also* NMSA 1978, § 55-1-201(b)(21)(A) (2005) (defining the "holder" of a negotiable instrument). Appellant cites *In re Anthony*, 1992-NMSC-038, ¶ 14, 114 N.M. 95, 835 P.2d 811, for the contention that the right to enforce a mortgage cannot be assigned under the UCC. [MIO 1] We agree with Appellant as well as to the statement in *Anthony*. *See id.* (stating that "[t]he omission of the word 'mortgage' [from Article 9 of the UCC] suggests that while the security interest in the note is subject to the Code, the question of whether the security interest is perfected in mortgage and similar security interests (including real estate contracts) is left to local real estate law"). While the UCC governs the security interest in the Note, New Mexico case law governs whether the security interest is perfected in the mortgage. *See id.* In the proposed disposition, this Court applied the UCC in concluding that JPMorgan was the holder of the Note with the right to enforce the Note. Contrary to Appellant's contention, the right to enforce the mortgage was not assigned pursuant the UCC. Rather, the Mortgage Electronic Registry System (MERS), as agent for Guild Mortgage Company (Guild), assigned the mortgage to JPMorgan pursuant to an assignment of mortgage and not pursuant to the UCC. Therefore, we see no error in the application of the UCC and case law.

{3}     Next, Appellant contends that while MERS can assign the mortgage, it cannot assign the Note or the right to enforce the Note. [MIO 2] We agree. However, MERS

3

did not assign the Note. As previously stated, MERS assigned only the mortgage to JPMorgan. Rather, as discussed in the proposed disposition, JPMorgan was established as the holder in due course of the Note and was in possession of the Note with the right to enforce it by virtue of the special indorsement from Guild under the UCC. *See Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶ 15, 356 P.3d 1102 (holding that a special indorsement to the plaintiff and its possession of the note established its right to enforce the note); s*ee also Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 21, 320 P.3d 1 (stating that a third party who is not the payee of the instrument must prove both physical possession and the right to enforcement through either a proper indorsement or a transfer by negotiation).

{4}     Appellant further asserts:

> [T]he issue unaddressed by the Summary Disposition is whether MERS as mortgagee could have been properly [sic] directed to act by JPMorgan Chase while the note is identified as a bearer instrument. When one party deals with or manages the interests, rights and authorities of another, which is the case here, the MERS as the named mortgagee is the agent and JPMorgan Chase has endorsed the note in blank. How then does MERS know who [it] is entitled to instruct with regard to the assignment of the note.

[MIO 4] Appellant then cites to case law defining an agent and the apparent authority of an agent. [MIO 4] Appellant also contends that for a mortgage assigned by MERS to be foreclosable, the assignee must show it also controlled the right to enforce the Note. [MIO 3] We take Appellant's assertions as questioning the authority of MERS

to act on behalf of Guild, where JPMorgan is the holder of the Note indorsed in blank and the effects their agency relationship has on the proper transfer of the Note and mortgage. [MIO 4-5]

{5}     However, what Appellant fails to recognize is that the Note and mortgage have two very distinct functions. *See Romero*, 2014-NMSC-007, ¶ 35 (recognizing the separate functions that a note and mortgage contract hold in a foreclosure action). MERS can neither assign nor enforce the Note and it did not purport to do so in this case. *See id.* (recognizing that MERS lacks authority to assign the note). As discussed in our proposed disposition and herein, the Note was transferred to JPMorgan by virtue of a proper indorsement and possession. Rather, MERS is an electronic registry system whose role was created to electronically track and register mortgages to avoid recording fees. *See id.* Therefore, MERS only acted as an agent in assigning the mortgage to JPMorgan and, as conceded by Appellant, MERS had the authority to do so. *See Licha,* 2015-NMCA-086, ¶ 17.

{6}     We therefore conclude that there was sufficient evidence to establish JPMorgan's standing at the time the complaint was filed. First, not only was JPMorgan in physical possession of the Note, but its status as holder of the Note with the right to enforce the Note was established by virtue of the special indorsement from Guild, and not through the assignment of the mortgage by MERS. *See id.* ¶ 16

(holding that a special indorsement to the plaintiff and its possession of the note established its right to enforce the note); *see also Romero*, 2014-NMSC-007, ¶ 21 (stating that under the UCC, a holder of an instrument is entitled to enforce that instrument). Second, JPMorgan was assigned the mortgage by MERS, and therefore had the right to enforce the mortgage. *See Licha*, 2015-NMCA-086, ¶ 17.

{7}     Appellant also argues that any assignment of a mortgage by MERS, alone, is unenforceable and a nullity. [MIO 3] However, in this case, the mortgage was assigned to JPMorgan **and** the Note was transferred to JPMorgan. Thus, as holder of the Note and assignee to the mortgage, JPMorgan established its standing to foreclose. *See id.* ¶ 13 ("Plaintiffs who bring foreclosure actions must demonstrate that they had the right to enforce the note and mortgage at the time that they filed the foreclosure suit.").

{8}     For all of the above reasons, and those stated in this Court's notice of proposed disposition, we affirm.

{9}     **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

6

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**


_____

**JONATHAN B. SUTIN, Judge**